J-S48021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MENDOZA | : | |
| | : | |
| Appellant | : | No. 292 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1000351-2004

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 09, 2019**

Appellant, Christopher Mendoza,[1] appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The record reveals that on November 7, 2005, Appellant pleaded guilty to second-degree murder and arson resulting from the strangulation death of Diane Torres and fire at Torres's home.  N.T., 11/7/05, at 118-119, 130-131.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Throughout the certified record, Appellant's given name is listed as Christophe or Christopher.  We utilize the latter spelling.  The majority of the court filings, specifically the documents executed and signed by Appellant, reveal consistently that Appellant's name is Christopher Mendoza.  ***See***, ***e.g.***, Investigation Interview, 8/19/04; Consent to Videotape Interview, 8/19/04; PCRA petition, 3/1/16; Notice of Appeal, 1/17/19; and Appellant's Brief, 2/25/19.  We have corrected the caption accordingly.

On January 11, 2006, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole for second-degree murder and a concurrent term of ten to twenty years of incarceration for arson. Sentencing Order, 1/11/06. Appellant did not file a direct appeal.

On January 16, 2007, Appellant filed his first PCRA petition, and the PCRA court appointed counsel. Counsel filed a motion to withdraw representation on October 15, 2008, and a **Turner/Finley**[2] letter on October 17, 2008. On November 17, 2008, the PCRA court informed Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition on December 19, 2008. Appellant did not file a direct appeal.

More than seven years later, on March 1, 2016, Appellant filed a document entitled, "Supplemental Amended Petition for Habeas Corpus Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution." Inexplicably, two days later, on March 3, 2016, Appellant filed a copy of that same document. In these identical filings, Appellant averred that his sentence was illegal under **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**,

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw representation on collateral review).

___ U.S. ___, 136 S.Ct. 718 (2016).[3]  The PCRA court explained correctly that the relief requested in Appellant's petitions for *habeas corpus* relief was cognizable under the PCRA, and it treated the identical filings as a single PCRA petition.  PCRA Court Opinion, 1/31/19.[4]  On September 17, 2018, the PCRA court informed Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.  On January 2, 2019, the PCRA court dismissed Appellant's PCRA petition.  This timely appeal followed.

On appeal, Appellant raises the following issue for this Court's consideration:

A. Whether science and social science related to adolescent development must be taken into consideration in construing the right established by the United States Supreme Court in Miller v. Alabama, 132 S.Ct. 2455 (2012) and support the conclusion that 18 to 24 year olds can possess the

---

[3] In **Miller**, the Supreme Court of the United States ruled that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile offender is unconstitutional.  **Miller**, 567 U.S. at 465.  In **Montgomery**, the Supreme Court of the United States concluded that **Miller** announced a substantive rule of constitutional law, and as such, the holding in **Miller** applied retroactively to juvenile convictions and sentences that were final when **Miller** was decided.

[4] The PCRA is the sole means for obtaining collateral relief, and it encompasses all other common law and statutory remedies including *habeas corpus*. 42 Pa.C.S. § 9542.  In Appellant's *habeas corpus* petitions, he alleged his sentence was illegal pursuant to **Miller** and **Montgomery**.  Challenges to the legality of one's sentence are cognizable under the PCRA.  **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA.").  Therefore, the PCRA court treated Appellant's *habeas corpus* petitions as petitions for relief under the PCRA.  **See Commonwealth v. Eller**, 807 A.2d 838, 842-843 (Pa. 2002) (any claim cognizable under the PCRA must be brought under the PCRA and not through *habeas corpus*).

characterizations of youth that render life without parole disproportionate[.]

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Staton***, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). This Court grants deference to the PCRA court's findings that are supported in the record, and we will not disturb those findings unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to

the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] Until recently, a petition invoking one of these exceptions must have been filed within sixty days of the date the claim could first have been presented.[6] 42 Pa.C.S. § 9545(b)(2).

As discussed above, the trial court imposed sentence on January 11, 2006. Appellant did not pursue a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days later on Monday, February 13,

_____

[5] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[6] Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2) and provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment … shall apply to claims arising on Dec. 24, 2017 or thereafter."). The amendment is inapplicable here because the claim relating to the decision in *Miller* presented in Appellant's underlying PCRA petition arose prior to December 24, 2017, and Appellant's PCRA petition was filed on March 1, 2016.

2006,[7] when the time for filing a direct appeal expired. *See* Pa.R.A.P. 903(a) (directing that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken); *see also* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, in order to be timely, Appellant had to file a first or subsequent PCRA petition on or before February 13, 2007. *See* 42 Pa.C.S. § 9545(b)(1) (any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final). Appellant did not file the instant PCRA petition until March 1, 2016. Thus, Appellant's PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). As noted, in order for Appellant to assert one of these exceptions, he was required to file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to plead and prove that

_____

[7] The thirtieth day fell on Saturday, February 11, 2006. Accordingly, Appellant had until Monday, February 13, 2006, to file a direct appeal. *See* 1 Pa.C.S. § 1908 (stating, *inter alia*, that when the last day to file an appeal falls on a Saturday or Sunday, such day is omitted from the computation).

one of the exceptions applies. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269-270 (Pa. Super. 2016).

Although Appellant crafted his argument inartfully, he avers that he satisfied the exception enumerated in 42 Pa.C.S. § 9545(b)(1)(iii), raising a newly recognized constitutional right held to apply retroactively and that he presented his claim within sixty days from the date ***Montgomery*** was filed. Appellant's Brief at 12;[8] PCRA Petition, 3/1/16, at ¶8. This Court has held that "[t]he date of the ***Montgomery*** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60-day rule in Section 9545(b)(2)." ***Commonwealth v. Secreti***, 134 A.3d 77, 82-83 (Pa. Super. 2016). Thus, if Appellant can establish a viable claim pursuant to ***Miller***, his March 1, 2016 PCRA petition would satisfy the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii).

After review, we conclude that Appellant has no viable ***Miller*** argument, and his PCRA petition was properly dismissed as untimely. Appellant was twenty-one years old at the time he murdered Diane Torres and set her home

---

[8] We are constrained to point out that Appellant never specifically discusses the application of 42 Pa.C.S. § 9545(b)(1)(iii) in his brief. However, the entirety of Appellant's argument is that the decision in ***Miller***, a newly recognized constitutional right held to apply retroactively, was presented to the PCRA court within sixty days from the date ***Montgomery*** was filed, and it should afford him relief.

on fire.[9] The holding in **Miller** applies to only those defendants who were "under the age of 18 at the time of their crimes." **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (quoting **Miller**, 567 U.S. at 465).

Nevertheless, Appellant asserts that the decisions in **Miller** and **Montgomery** should be applied to his sentence, regardless of the fact that he was twenty-one years old at the time of the offense. Specifically, Appellant asks this Court to extend the holding in **Miller** to individuals such as himself who were "mentally less than 18 years of age" at the time of the criminal act. Appellant's Brief at 8. This issue was addressed recently in our Court's decision in **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*).

In **Lee**, the appellant sought to expand the holding in **Miller** to apply to individuals who were eighteen years old at the time of the crime, but had an "immature brain" and "characteristics of youth" that rendered them less culpable under **Miller**. **Lee**, 206 A.3d at 4, 7. This Court concluded that the decision in **Miller** was based on chronological age alone; it did not address sentences for individuals who were eighteen years of age or older or a defendant's mental age. "Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-

---

[9] Appellant was born on December 14, 1982. Investigation Interview, 8/19/04; **see also** PCRA Petition, 3/1/16 (wherein Appellant states that he was twenty-one years old at the time of the crime).

juvenile offender, we are bound by precedent." **Lee**, 206 A.3d at 10-11. "[A]ge is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding." **Id.** at 11.

Appellant was twenty-one years old when he committed his crimes, which renders **Miller** inapplicable. **Furgess**, 149 A.3d at 94. Appellant's argument concerning "brain science" and "mental age" fails to establish an exception to the PCRA's time-bar. **Lee**, 206 A.3d at 10-11. Therefore, Appellant's PCRA petition was untimely, and the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/19